IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VINCENT MIRANDA, DORIS A. GORDIAN-REYES and the legal conjugal partnership composed between them<br><br>Plaintiffs<br><br>vs<br><br>UNION TRABAJADORES INDUSTRIA ELECTRICA Y RIEGO (UTIER); DEFENDANTS A,B,C; INSURANCE COMPANIES<br><br>Defendants | CIVIL 15-1108CCC |

**OPINION AND ORDER**

Vincent Miranda and his conjugal partner Doris A. Gordian-Reyes have filed this Title VII[1] action alleging religious discrimination against his union, the Unión de Trabajadores de la Industria Eléctrica y Riego (the Water and Electric Industry Workers Union, hereinafter "UTIER").  The case is now before us on a Motion to Dismiss filed by UTIER (**d.e. 8**), which is opposed by plaintiffs (d.e. 12).

After defendant filed its Motion to Dismiss (d.e. 8) on April 1, 2015, plaintiff filed a Motion for Leave to File an Amended Complaint on April 30, 2015 (d.e. 11).  On April 23, 2015, having received anticipatory notice of plaintiff's Motion to Amend, defendant filed a Motion to Amend Motion to Dismiss (d.e. 10).  On July 10, 2015, this Court granted defendant's Motion to Amend Motion to Dismiss (d.e. 10) and plaintiff's Motion for leave to file Amended Complaint (d.e. 11).  On July 14, 2015, plaintiff filed its Amended Complaint (d.e. 15).

_____

[1]Other statutory sources will be discussed in the text.

CIVIL 15-1108CCC                                    2

## I.      FACTUAL ALLEGATIONS

The relevant facts, as alleged in the Amended Complaint (d.e. 15), are as follows:

During 1986, plaintiff Miranda began working at the Puerto Rico Electric and Power Authority (PREPA).  As a condition of his employment, he had to become a member of defendant labor union.  (¶ 25).  During the time he was employed with PREPA and a member of defendant Labor, plaintiff was a Jehova's Witness.  (¶ 27).  Plaintiff alleges that during that time he made his religious beliefs known to defendant via defendant's agents and officers.  (¶ 27).  He informed defendant that, as a result of his religious beliefs, he was unable to participate in defendant's picketing, work stoppages, strikes, work slowdowns, and employee protests.  (¶ 27).  In February of 2012, UTIER agent Yolanda Vázquez-Muñiz filed an internal grievance, SJ-12-11, in response to plaintiff's failure to appear at an assembly called by defendant, and plaintiff's decision to remain working at his post during that time.  (¶ 30).  On April 18, 2012, defendant labeled him a "strike buster" for working during a union assembly held on February 16, 2012.  (¶ 31).

Defendant fined plaintiff $140.00 for his failure to attend the February 16, 2012 union assembly.  Plaintiff also alleges that defendant issued to him a written admonishment for his failure to participate in the work stoppage and attend the assembly.  (¶ 32).  This monetary fine was levied in violation of his contractual agreement with UTIER, which guarantees notice and a hearing in such circumstances vis-a-vis UTIER's Disciplinary Committee Regulations (Article XIII, Section 3 of UTIER's Constitution).  (¶¶ 34-36).

On or about October 24, 2012, UTIER agent Eddie Cruz-Alicea filed a second grievance (SJ-12-23) against plaintiff for plaintiff's failure to participate

CIVIL 15-1108CCC                          3

in a 12-hour work stoppage, and for plaintiff's failure to attend an assembly at Roberto Clemente Coliseum in San Juan, Puerto Rico. (¶ 38).  He was not given proper notice, in violation of UTIER's Disciplinary Committee Regulations, and was fined $50.00 as a result of this grievance. (¶¶39-40). He was under "partial hospitalization" when the hearing was held.  (¶ 40).

On February 8, 2013, he notified defendant that he opposed the fines because he believed they were levied against him without consideration of his religious reasons for not participating in the work stoppages.  (¶ 42).  On June 6, 2013, defendant, through counsel Ruth E. Arroyo, sent a collection letter to plaintiff requesting payment of the two fines imposed for his failure to participate in work stoppages.  (¶ 44).  On July 9, 2013, he responded to defendant's request, reiterating the religious reasons for his abstention from the work stoppages. (¶ 45).

On July 11, 2014, defendant filed a civil action against plaintiff in the Superior Court of Puerto Rico to collect the fees it charged plaintiff.  (¶ 45).

In sum, plaintiff alleges that: (1) as a Jehova's Witness, his religion prohibits him from participating in the aforementioned union activities; (2) defendant was aware of his religious convictions at all times relevant to his claim; (3) he requested reasonable accommodations for his religious beliefs; (4) he was denied such reasonable accommodations in that defendant fined, sued, reprimanded, and labeled him a "strike buster;" and (5) defendant's actions violate his rights under Title VII of the Civil Rights Act; Puerto Rico Act No. 100; Puerto Rico Act No. 115 (subsequently withdrawn by plaintiff); the Constitution of the United States of America (generally); Article II, Sections 1, 8 and 16 of the Constitution of the Commonwealth of Puerto Rico; Puerto Rico Civil Code, Article 1802, 31 L.P.R.A. § 5141; and his Contractual Rights

CIVIL 15-1108CCC                                    4

afforded by his membership in defendant's union, per the Disciplinary Regulations promulgated vis-a-vis the bylaws ("Constitution") of said Union.

## II.   PLEADING STANDARDS

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009).  A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrán, 668 F. Supp. 2d 315, 316 (D.P.R. 2009).  "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide

CIVIL 15-1108CCC                                      5

this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." Id.  "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51).

## III.   ANALYSIS

Defendant moves to dismiss on several grounds. **First**, plaintiff's Title VII claim on the grounds that plaintiff failed to exhaust administrative remedies and receive a "Right-to-Sue" letter from the Equal Employment Opportunity Commission ("EEOC").  **Second**, plaintiff's claim under Puerto Rico Act

CIVIL 15-1108CCC                              6

No. 115 on the grounds that the Act applies to employers, not unions.  **Third**, plaintiff's general claims under the United States Constitution, and plaintiff's claims under Article 2, Sections 1, 8 and 16 of the Puerto Rico Constitution on the grounds that defendant is not a state actor, and therefore no relief can be granted.  **Fourth**, plaintiff's claims under the Puerto Rico Constitution and Article 1802 of the Civil Code of Puerto Rico on the grounds that the Puerto Rico Labor Relations Act requires such grievances to be raised with the Puerto Rico Labor Relations Board.  **Fifth**, plaintiff's claim under Puerto Rico Act No. 100 on the grounds that plaintiff's allegations are not covered by that law. **Sixth**, defendant notes that, if this Court finds that plaintiff's Title VII claim is premature, this Court must dismiss the remaining claims because, without the jurisdictional hook from the Title VII claim, there is no remaining federal claim, and therefore this Court lacks subject matter jurisdiction.

### A.   TITLE VII CLAIM & THE "RIGHT-TO-SUE" LETTER

Defendant moved to dismiss plaintiff's Title VII claim on the grounds that plaintiff did not receive a "Right-to-Sue" letter from the Equal Employment Opportunity Commission ("EEOC").  After defendant filed its Motion to Dismiss (d.e. 8) on April 1, 2015, plaintiff informed defendant and this Court that plaintiff had received a "right-to-sue" letter from the EEOC.  Plaintiff filed an Amended Complaint (d.e. 15) to reflect this new development.  In defendant's Motion to Amend Motion to Dismiss, defendant asked permission of this Court in order to remove all references to the EEOC "right-to-sue" letter.

As it appears to this Court that the parties are in agreement that plaintiff has obtained the EEOC "right-to-sue" letter, defendant's motion to dismiss as to plaintiff's Title VII claim is DENIED.  For the same reason, defendant's

CIVIL 15-1108CCC                              7

motion to dismiss on the grounds that this Court lacks subject matter jurisdiction is DENIED.


## B.  PUERTO RICO ACT 115

Defendant moved to dismiss plaintiff's claim under Puerto Rico Act No. 115 (29 L.P.R.A. § 194 *et seq*.).  In plaintiff's Motion for Leave to Amend Complaint (d.e. 11) (¶ 2) plaintiff concedes that he has no claim under Act 115. Plaintiff's Amended Complaint makes no reference to this Act.  This matter is no longer before the Court.


## C.  GENERAL CONSTITUTIONAL CLAIMS, AND ARTICLE 2, SECTIONS 1, 8 AND 16 OF THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

Defendant moves to dismiss plaintiff's general claims under the United States Constitution and plaintiff's claims under Article 2, Sections 1, 8 and 16 of the Constitution of the Commonwealth of Puerto Rico on the grounds that defendant is not a state actor, and therefore no relief can be granted.

### 1.  *United States Constitution*

Plaintiff''s poorly-organized Amended Complaint (d.e. 15) (¶¶ 38, 43) fails to delineate which claims, if any, he brings under the United States Constitution and what private right of action exists to allow him to bring such claims, as required by Iqbal and Twombly, *supra*.  Furthermore, in subsections IV-VIII (¶¶ 49-67) of the Amended Complaint (listing causes of action), plaintiff does not reference the United States Constitution as a source of any cause of action.  As such, plaintiff has not pleaded with sufficient specificity any claims arising under the Constitution of the United States of America.  Defendant's

CIVIL 15-1108CCC                                  8

motion to dismiss plaintiff's claims under the United States Constitution is GRANTED.

### 2.   *Article II, Sections 1 and 8 of the Puerto Rico Constitution*

Plaintiff's Amended Complaint (d.e. 15) alleges violations of his right to dignity and privacy under Article II, Sections 1, 8 and 16 of the Puerto Rico Constitution, and his right to be free from religious discrimination under Section 1 of the same.  (¶ 55).  Defendant moves to dismiss these claims on the grounds that claims under Sections 1 and 8 require state action, which has not been alleged by plaintiff.  See defendant's Motion to Dismiss (d.e. 8) (¶ 5.4); defendant's Motion to Amend Motion to Dismiss (d.e. 10) (¶ 1.5.5).

Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico states the following:

> The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas. Both the laws and the system of public education shall embody these principles of essential human equality.

Puerto Rico Const. Art. II, § 1.   Article 2, Section 8 of the Puerto Rico Constitution states the following:  "Every person has the right to the protection of law against abusive attacks on his honor, reputation and private or family life."  Puerto Rico Const. Art. II, § 8.

The same holds true for Article II, Section 16 of the Puerto Rico Constitution.  That Section reads:

> The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection against risks to his health or person in his work or employment, and to an ordinary workday which shall not exceed eight hours. An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed.

Puerto Rico Const. Art. II, § 16.

CIVIL 15-1108CCC                              9

With respect to the Article II, Sections 1, 8 and 16 of the Puerto Rico Constitution, this Court's analysis must conform with the holdings of the Supreme Court of Puerto Rico insofar as those holdings do not contravene federal law.  In Arroyo v. Rattan Specialties, Inc., the Supreme Court of Puerto Rico explained:

> We have repeatedly held that the character and primacy of the right of privacy operate ex proprio vigore, and may be enforced even between private individuals.  We must reach the same conclusion with regard to the constitutional right which protects the inviolability of the dignity of the human being, and with regard to that right which protects every worker against risks to his personal integrity in his work.  We have also recognized the right to be compensated for damages caused when a private citizen encroaches upon one of these rights.  The action for damages does not bar the aggrieved person from protecting his right of privacy and to his personal integrity in his work via a petition for injunction.  Arroyo v. Rattan Specialties, Inc., No. R-84-79, 1986 WL 376812 (P.R. Mar. 5, 1986).  The Constitution of Puerto Rico thus contemplates private rights of action against private parties for violations of an individual's rights to dignity, privacy, and personal integrity, as secured under Article II, Sections 1, 8 and 16. Therefore, Defendant's motion to dismiss with regards to Plaintiff's claims that Defendant violated his rights to privacy, dignity and personal integrity under these sections DENIED.

As for plaintiff's claim of religious discrimination under the Puerto Rico Constitution, plaintiff cites no authority extending a private right of action against private parties for such claims.  Furthermore, plaintiff has a statutory vehicle for vindicating this harm in Act No. 100 (discussed below).  Indeed, "[a]ct No. 100 meets the purpose of Art. II, Sec. 1 of the Constitution of the Commonwealth of Puerto Rico that prohibits discrimination in Puerto Rico's legal system."   Santini Rivera v. Serv. Air, Inc., No. RE-93-232, 1994 WL 909527 (P.R. Sept. 12, 1994).  Defendant's motion to dismiss with regards to plaintiff's claim of religious discrimination under Article II, Section 1, is GRANTED.

CIVIL 15-1108CCC                    10

### D.   PUERTO RICO ACT 100 (29 L.P.R.A. § 146, et. seq.)

Defendant first states that Puerto Rico Act 100 "is directed first and foremost at private employers." (d.e. 8) (¶ 4.2).  But Article II of the Act clearly applies to labor unions.  Article II states:

> Any labor organization which limits, divides or classifies its members that deprives or tends to deprive anyone who aspires or is entitled to become a member of said organization, of an employment opportunity because of age, race, color, *religion*, sex, marital status, social or national origin, political affiliation, political beliefs or social condition, or for being a victim or perceived as a victim of domestic violence, sexual aggression or stalking shall incur civil liability . . .

29 L.P.R.A. § 147 (emphasis added).  Defendant argues, without elaboration, that "Plaintiff has not alleged that UTIER has deprived him of being a member of the union or of any employment opportunity."  (d.e. 8) (¶ 4.3).  This Court disagrees.   Plaintiff's allegations that defendant fined plaintiff on several occasions (d.e. 15)  (¶¶ 32, 39, 40), if true, certainly "tend[] to deprive" plaintiff of an employment opportunity within the meaning of Act No. 100.

Because this Court "must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor," Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008), defendant's Motion to Dismiss as to plaintiff's Act 100 claim is DENIED.


### E.   ARTICLE 1802 OF THE CIVIL CODE OF PUERTO RICO

As a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 of the Civil Code." Santini Rivera v. Serv. Air. Inc., 137 D.P.R. 1, 16 (1994) (official translation).

CIVIL 15-1108CCC                    11

Plaintiff Gordian-Reyes alleges emotional harm under Section 1802 of the Civil Code of Puerto Rico as a result of defendant's treatment of plaintiff Miranda.  Defendant alleges that this claim, as well as plaintiffs' claims under the Puerto Rico constitution, must be brought before the Puerto Rico Labor Relations Board.

Defendant offers no authority supporting this proposition, nor could it. The Supreme Court of Puerto Rico has stated in no uncertain terms that "in Puerto Rico the relatives of an employee who has been a victim of an Act No. 100 discriminatory treatment at the hands of his employer have a cause of action under Civil Code sec. 1802."  Santini Rivera v. Serv. Air, Inc., No. RE-93-232, 1994 WL 909527 (P.R. Sept. 12, 1994).  Likewise, as discussed in Section 3B of this Order, plaintiffs may, vis-a-vis Section 1802, bring their claims for violations of rights to dignity, privacy, and personal integrity under the Puerto Rico Constitution before this Court.

Defendant's motion to dismiss plaintiffs' actions under Section 1802 and the Constitution of Puerto Rico on the grounds that the Puerto Rico Labor Relations Board has exclusive jurisdiction over them is thus DENIED.

## IV.   CONCLUSION

Accordingly, for the above-stated reasons, movants' Motion to Dismiss (**d.e. 8**) is GRANTED in part and DENIED in part.  The Motion is GRANTED as to the ambiguous claims under the United States Constitution and the religious discrimination claim under Article II, Section 1 of the Puerto Rico Constitution, which are DISMISSED with prejudice.  The Motion is DENIED as to the Title VII claim; the privacy, dignity, and personal integrity claims under Sections 1, 8 and 16 of the Puerto Rico Constitution; the Puerto Rico Act 100

CIVIL 15-1108CCC                              12

claim; and plaintiff Gordian-Reyes' claim under Section 1802 of the Puerto Rico
Civil Code.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2016.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge